## STEPHEN SAMUELS, Respondent, v. WILLIAM R. GORHAM, Appellant.

In order to constitute a valid sale of personal property against creditors, there must be according to the statute of this State, an immediate delivery thereof, accompanied by an actual and continued change of possession.

By an immediate change of possession is not meant a delivery instanter, but the character of the property sold. its situation, and all the circumstances must be taken into consideration in determining whether there was a delivery within a reasonable time, so as to meet the requirement of the statute, and this will often be a question of fact for the jury.

APPEAL from the District Court of the Twelfth Judicial District, San Francisco County.

The action was replevin for wrongfully taking from the custody and possession of the plaintiff a large amount of personal property.

The answer alleges that the defendant attached the property in his official capacity as Sheriff, in a suit brought by Dexter Taft against Mitchell & Nunes. That the property, although sold to the plaintiff, had not been delivered to him, but remained in the possession of Mitchell & Nunes.

Testimony was adduced upon this point, and the Court charged the jury "that in order to constitute a valid sale of the property claimed by the plaintiff, that there should have been an immediate delivery thereof, and an actual and continued change of the possession of the same; that by an immediate delivery is not meant a delivery instanter, but that the jury must take into consideration the character of the property sold and the situation thereof at the time of the sale; and that if the property was delivered within a reasonable time, taking into consideration its character and situation, then the sale was valid, and that was a question of fact for the jury to determine upon the evidence adduced."

Defendant's counsel excepted to the charge.

The jury found a verdict for the plaintiff for the amount claimed; and from an order denying a motion for a new trial, and the judgment entered thereupon, defendant appealed.

*Bates, Lawrence*, and *Hastings*, for Appellant.

*H. S. Love,* for Respondent.

No briefs on file.

MURRAY. C. J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

To constitute a valid sale of personal property against creditors, there must, according to the provisions of the statute of this State, be "an immediate delivery thereof, accompanied with an actual and continuous change of possession." By an immediate delivery is not meant a delivery instanter; but the character of the property sold, its situation, and all the circumstances must be taken into consideration in determining whether there was a delivery within a reasonable time, so as to meet the requirement of the statute; and this will often be a question of fact for the jury.

The record in this case does not purport to set out all the testimony, and we cannot determine from the meager statement whether the verdict was contrary to evidence or not. The instruction of the Court was correct, and the jury having passed upon the facts, we will not disturb their verdict.

Judgment affirmed.