C. CARPENTER, RESPONDENT, *v.* J. C. CLARK, APPELLANT.

H., the owner of two mules, keeps them at a public stable, and uses them in hauling for C.  C. pays the owner of the stable for keep of mules.  Subsequently, C. buys the mules of H., and immediately puts them in a team with other mules of his own, driven by another party in the employ of C.  In a few days they are removed from the public stable to C.'s private stable.  *Held,* this is an *immediate delivery,* within the meaning of that phrase in the Statute of Frauds.

Several months after the purchase of these two mules by C., he employs H. as a teamster, and sets him to driving a team of eight mules—two of which he had purchased a few months back from H., the others had never been owned by H.  The mules were all kept at the stable of C.  *Held,* this was not a violation of that clause of the law regarding fraudulent conveyances, which requires a continued change of possession.

APPEAL from the District Court of the First Judicial District, Storey County, Hon. RICHARD RISING presiding.

The facts are stated in the Opinion.

*McRae & Rhodes,* for Appellant.

There was no immediate delivery of the mules from House to Carpenter.  The instructions given by the Court ignore the necessity of such immediate delivery.

The change of possession must be exclusive and immediate. (Chitty on Contracts, page 414, 6th American edition ; *Vance* v. *Boynton,* 8 Cal. 562 ; *Cheeney* v. *Palmer,* 6 Cal. 119.)

It must be immediate and continuous.  (*Hurlburd* v. *Bogardus,* 10 Cal. 518 ; *Engles* v. *Marshall,* 19 Cal. 320 ; *Doak* v. *Brubaker,* 1st Nev. 218.)

No sufficient change of possession is shown. (*Malone* v. *Plato*, 22 Cal. 103; *Weil* v. *Paul*, 22 Cal. 492; *Cahoon* v. *Marshall*, 25 Cal. 197; Hill on Sales, p. 108, Secs. 6, 8, 20.)

If goods be sold and delivered on credit, the title passes to vendee. (Hill on Sales, p. 113, Secs. 26 and 29; Ib., p. 122, Secs. 17–21 and 22; Ib., p. 81, Sec. 27; *Chapman* v. *Lathrop*, 6 Cow. 110.)

On question of fraud: see Hill on Sales, p. 114, Sec. 33; · *Vance* v. *Boynton*, 8 Cal. 562.

*M. B. Harrison* and *Aldrich* and *DeLong*, for Respondent.

By *Harrison*.

The possession of a purchaser need not be continued indefinitely, if the possession is open and notorious, and so long continued as to give notice to the world of change of ownership. (See *Stevens* v. *Irwin*, 15 Cal. 503; case reaffirmed in 26 Cal., and a later case not yet reported.)

If any of the instructions given were not technically correct, yet it does not appear that they could have been injurious to the appellant. Taking all the instructions together, they lay down the law correctly.

The sale to House was only conditional. So he really never had any interest in the mules that was subject to sale.

*Aldrich* and *DeLong*, on the same side, contended that the sale to House was conditional, and the property never vested in him; consequently the Statute of Frauds had nothing to do with this case.

Opinion by LEWIS, C. J., full Bench concurring.

This action was brought to recover possession of two mules which were taken by the defendant upon a writ of attachment issued out of the District Court for the County of Storey, against one E. M. House, who, it is claimed by the defendant, was the owner of the mules at the time of the attachment.

The principal facts disclosed by the record are as follows:

In the month of February, A.D. 1865, the plaintiff, Carpenter, purchased the mules in question, and at the same time delivered them

to E. M. House, either upon an absolute contract of sale, or an agreement to sell; but whether the sale was absolute or merely conditional does not satisfactorily appear from the evidence before us. The plaintiff in his testimony says: " House requested me to buy the mules for him, and said he thought he could pay me; but if he did not, he would want me to take them back." And House swears that the plaintiff bought the mules for him, and *that he was to have them if he paid for them,* and then says: " I did not pay for them, and plaintiff took them back." It appears that House drove the animals from the time they were purchased by Carpenter until about the first day of April, of the same year, at which time they were returned to the plaintiff. During the months of February and March, and for a few days after the animals were returned or resold to Carpenter, they were stabled at a public stable at the expense of Carpenter. They remained at that stable a few days after the repurchase by the plaintiff, and were then taken to his own stable, where they were continually kept when not at work. After the redelivery of the mules to the plaintiff, they were worked in a team with six other animals belonging to the plaintiff, and were occasionally driven by House, who, after the first of April, was employed by Carpenter as a driver. During the period of about eight months, from the first of April to the fifteenth of November, at which time the mules were taken by the defendant upon the attachment, House had driven them about *ninety* days. When he commenced driving for the plaintiff is not clearly shown, but it appears that it was not until some time in June, which would be two months or more after the redelivery to Carpenter. So there appears to have been a complete and perfect delivery, and a continuous change of possession of the animals, for two or three months at least, before House again took possession of them as the driver of the plaintiff.

Upon these facts it is claimed by the defendant that the sale from Carpenter to House was absolute, and that the title was transferred, and that the sale back to the plaintiff was void, because there was no immediate delivery and continued change of possession, as required by section 64 of the Act concerning Conveyances. (Laws of 1861, page 20.)

Although there is some evidence in the record tending to show that there was no absolute sale from Carpenter to House, we do not

deem it necessary to determine upon this appeal whether it was sufficient to justify the jury in finding in favor of the plaintiff. We may say, however, if it were established that the sale was conditional upon the payment, as intimated by House in his testimony, he never became the owner of the mules, and hence no question of redelivery from him to Carpenter could arise in this case, for the plaintiff's ownership would continue until the payment was made. But as we are of the opinion that the delivery and change of possession upon the redelivery to Carpenter were sufficient to meet the requirements of the Statute of Frauds, even if House were the absolute owner at that time, it is unnecessary to determine whether the plaintiff has established the fact that the sale from him to House was conditional or not.

We find no evidence in the record before us tending to sustain appellant in his assumption that there was no immediate delivery. As the mules were kept at Hines' stable at the expense of the plaintiff, the only delivery which it would seem necessary to make would be the surrender of possession and control of the animals. This seems to have been done. House does not appear to have driven them, or to have had anything to do with them, for two or three months after they were returned to the plaintiff. It appears, also, that in a few days after the return of the mules to Carpenter, they were removed to his own stable, so that nothing was neglected which could be done to make the delivery complete. Perhaps a delay of two or three days in making delivery after the sale is otherwise complete, might not be sufficiently immediate to meet the requirements of the statute. That is a fact, however, which is to be determined by a consideration of all the circumstances of each case. In the case of *Samuels* v. *Gorham*, (5 Cal. 226) the Court say:

" To constitute a valid sale of personal property against creditors there must, according to the provisions of the statute of this State, be an immediate delivery thereof, accompanied with an actual and continuous change of possession. By an immediate delivery is not meant a delivery instanter; but the character of the property sold, its situation, and all the circumstances, must be taken into consideration in determining whether there was a delivery within a reasonable time, so as to meet the requirements of the statute; and this will often be a question of fact for the jury."

If in any other particular the sale were not complete until the animals were removed to plaintiff's stable—as if, for instance, a consideration was to be paid and no credit given, the sale would not be considered complete until the consideration was paid, and a delivery at the time of payment would be sufficient to answer the requirements of the statute.     The sixty-fourth section of the Act concerning Conveyances, only requires the delivery to be made immediate upon the sale being otherwise perfected.     In this case it does not appear whether the sale from House to Carpenter was considered complete or not until after the removal of the animals to the plaintiff's own stable.     But, however, that would make no difference in our conclusion in this case, for we do not think it was at all necessary for Carpenter to have removed the animals from Hines' stable, where they had always been kept at his own expense, to make the delivery complete.

But it is claimed by appellant that even if the delivery were sufficient, the change of possession was not such a continuous change as is required by the statute.     We do not think this language of the Act should be construed to mean a change of possession for an indefinite period of time.     Like all statutes, it must be interpreted by the light of the reason or necessity which induced its adoption.     The evident object of the Legislature was to require such change of possession as will amount to a general advertisement of the status of the property and the claim to it by the vendee, and to declare such sales void where the delivery is not *bona fide*, but merely formal, taken by the vendee to be surrendered back again.     There certainly must be some period when possession of that property by the vendor would not relate back and vitiate the sale made by him.     To hold that the change of possession must continue indefinitely, would produce results so unjust and absurd that it can hardly be believed the framers of the statute had any such purpose in view.     In the case of *Stevens* v. *Irwin*, (15 Cal. 503) the Supreme Court of California, in discussing this question, say :

" But it never was the design of the statute to give such extension of meaning to this phrase, ' continued change of possession,' as to require, upon penalty of forfeiture of the goods, that the vendor should never have any control over them, or use of them.     This construction, if made without exception, would lead to very unjust and

very absurd results.    A vendor could never become trustee of the goods without their being forfeited, or liable for his debts.   *   *   * The continued change of possession, then, does not mean a continuance for all time of his possession, or a perpetual exclusion of all use or control of the property by the original vendor.    A reasonable construction must be given to this language, in analogy to the doctrine of the Courts holding the general principles transcribed into the statute.   *   *   *   This possession must be continuous—not taken to be surrendered back again—not formal, but substantial. But it need not necessarily continue indefinitely, when it is *bona fide* and openly taken, and is kept for such a length of time as to give general advertisement of the status of the property and the claim to it by the vendee."

It seems to us that the reasonable construction to be placed upon the statute is, that the change of possession must be actual, *bona fide*, and must continue for such a length of time as will, under the circumstances of each case, be likely to operate as a general advertisement of the sale or change of title of the property.    In this case there can be little doubt but that under these general rules the delivery from House to Carpenter was sufficient to meet the requirements of the statute.    The mules were always kept at the public stable at the expense of the plaintiff; upon the sale to him, on the first of April, he took possession and assumed complete control of them ; placed them in a team with six other animals of his own ; in a few days thereafter removed them to his own stable ; does not seem to have employed House to drive them for two or three months afterward ; and when he did drive them, it was in connection with other animals belonging to the plaintiff, and under circumstances which would clearly show to the public the change of property from House to Carpenter ; and it is shown by several witnesses that they were generally supposed to be the property of the plaintiff.    Hence, we conclude that the delivery was in all respects sufficient to transfer the title to the plaintiff as against the creditors of House.

As the general views expressed in this opinion cover the questions made upon the instructions, we deem it unnecessary to give them any special consideration.

The judgment of the Court below is affirmed, and it is so ordered.