Utah 174
Pac 417

[Sac. No. 109. Department Two.—September 18, 1896.]

# M. DUBOIS, Respondent, *v.* ALFRED SPINKS et al., Appellants.

114  289
122  334
114  289
126  42
114  289
142  458
114  289
e143 286

Statute of Frauds—Transfer of Personal Property—Delivery and Change of Possession—Question of Fact—Review Upon Appeal. Upon a transfer of personal property, what constitutes an immediate delivery and an actual and continued change of possession within the meaning of section 3440 of the Civil Code, is a question of fact to be determined on the evidence, and where the evidence tends to prove such delivery and change of possession, the finding of the court to that effect will not be disturbed upon appeal.

Id.—Time of Delivery—Circumstances to be Considered.—By immediate delivery is not necessarily meant a delivery *instanter*, but the character of the property and all the circumstances are to be considered in determining whether there was a delivery within a reasonable time, and it is a question of fact whether the property was so situated, and the parties so located, that instant delivery could not be made, and whether it was made as soon after the sale as practicable.

Id.—Transfer of Bulky Articles—Woodpile on Leased Land— Bill of Sale as Security—Release of Prior Pledge — Sufficiency of Delivery.—It is not necessary to a transfer of ponderous and bulky articles, to change their situation for the purpose of effecting a delivery of possession; and where a large pile of one hundred and twenty-six cords of wood is placed upon land leased by the woodcutters in order to retain possession of it as security for their services, and the owner of the wood borrows money from the plaintiff to pay the woodcutters, under an agreement that whatever security they had should inure to his benefit, and gave to him a bill of sale of the wood, and pointed it out to him as being his, and a few hours afterward paid the woodcutters, who released their lien upon the wood, the delivery to the plaintiff is sufficient, and the court may consider the satisfaction and release of the lien of the woodcutters, and the delivery of the wood to plaintiff, as parts of one transaction, and substantially contemporaneous.

Id.—Sale—Pledge—Construction of Statute.—A sale or a pledge is equally a " transfer of personal property," in the sense of the statute, and it makes no difference whether the transaction be the one or the other.

Id.—Attachment—Wrongful Seizure of Wood—Trover by Pledgee— Measure of Damages.—Where wood held in the possession of a pledgee is wrongfully seized on execution against the pledgor, without the service of any garnishment upon the pledgee, the constable serving the writ becomes a trespasser, and cannot be held in privity with the pledgor; and in an action of trover by the pledgee he is entitled to recover the full value of the property as damages for its conversion.

Id.—Notice of Claim—Bill of Sale—Pledge.—A notice of claim upon a constable who has wrongfully seized wood in possession of the claimant, which states that the claimant is entitled to the possession under a bill of sale, is sufficiently explicit, although the possession under the

CXIV. Cal. — 19

bill of sale was given by way of security, and the notice did not state that the plaintiff had taken the wood in pledge.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. A. P. CATLIN, Judge.

The facts are stated in the opinion.

*Holl & Dunn,* for Appellants.

The transfer was not accompanied by an immediate delivery, and followed by an actual and continued change of possession, and was void as against defendants. (Civ. Code, sec. 3440; *Cahoon* v. *Marshall,* 25 Cal. 197; *Etchepare* v. *Aguirre,* 91 Cal. 293; 25 Am. St. Rep. 180; *Bunting* v. *Saltz,* 84 Cal. 168; *Pearce* v. *Boggs,* 99 Cal. 341; *Mosgrove* v. *Harris,* 94 Cal. 162; *Murphy* v. *Mulgrew,* 102 Cal. 547; 41 Am. St. Rep. 200; *Stevens* v. *Irwin,* 15 Cal. 506; 76 Am. Dec. 500; *Engles* v. *Marshall,* 19 Cal. 320; *Vance* v. *Boynton,* 8 Cal. 554.) There is no conflict in the testimony, and in such cases it is a question of law whether the facts show an actual and continuous change of possession. (*Bell* v. *McClellan,* 67 Cal. 285.) The property being only in pledge to Dubois, his recovery should have been limited to the amount of his debt against the Meyers, and not have been for the whole value of the wood. (Civ. Code, sec. 3338; *Treadwell* v. *Davis,* 34 Cal. 606; 94 Am. Dec. 770; *Thompson* v. *Toland,* 48 Cal. 117.) If the property was held by plaintiff as a pledge to secure Meyer's indebtedness to him, plaintiff is not entitled to judgment, as his demand on defendant Spinks was insufficient under section 689 of the Code of Civil Procedure, as plaintiff there claims the wood as his property. (Code Civ. Proc., sec. 904.)

*White, Hughes & Seymour,* for Respondent.

What constitutes an immediate delivery, and an actual and continued change of possession, is a fact to be determined upon the evidence in each particular case.

(*Porter* v. *Bucher*, 98 Cal. 454; *Claudius* v. *Aguirre*, 89 Cal. 503; *Hilliker* v. *Kuhn*, 71 Cal. 214; *Waldie* v. *Doll*, 29 Cal. 556.) If the Meyers had any possession whatever at the time of the transfer to plaintiff, they had merely a constructive possession. The delivery of possession by delivering to plaintiff a bill of sale of the wood, was likewise constructive, and a constructive possession will pass by a constructive delivery. (Bump on Fraudulent Conveyances, 2nd ed., 168; *Cartwright* v. *Phœnix*, 7 Cal. 281; *Williams* v. *Lerch*, 56 Cal. 334; *Whipple* v. *Thayer*, 16 Pick. 25; 26 Am. Dec. 626.) A pledgeholder is entitled to recover the full value of the goods converted as against a stranger. If the sheriff exceeded his duty and did not proceed according to law in seizing the goods, he is to be regarded as a stranger. (*Treadwell* v. *Davis*, 34 Cal. 601; 94 Am. Dec. 770.) The notice to the sheriff was a substantial compliance with the statute. Plaintiff held the title to the wood, and the notice sets out that title, and the grounds thereof, and plaintiff's right to the possession thereof. (Code Civ. Proc., sec. 689; Minn. Stats., sec. 5296; *Dodge* v. *Chandler*, 9 Minn. 97; *Barry* v. *McGrade*, 14 Minn. 163; *Butler* v. *White*, 25 Minn. 432; *Lampsen* v. *Brander*, 28 Minn. 526; *Tyler* v. *Hanscom*, 28 Minn. 1; *Ohlson* v. *Manderfeld*, 28 Minn. 390; *Granning* v. *Swenson*, 49 Minn. 382; *King* v. *Orser*, 4 Duer, 431.) Section 689 of the Code of Civil Procedure is for the protection of the officer alone. (*Spencer* v. *McGowan*, 13 Wend. 256.)

VANCLIEF, C.—Action to recover damages for the conversion of one hundred and twenty cords of wood.

On October 12, 1894, John A. Meyer and his wife entered into a contract with two Japanese, by which the latter agreed to cut wood on land belonging to the former. The Japanese on the same day leased from T. D. Scriver a portion of his land, and by the agreement they were to haul the wood from the land where it was to be cut and pile it upon said leased land, and retain the possession of the wood until the price for cutting the same should be fully paid. Subsequently there was a

change in the agreement as to the hauling, it being modified, verbally, so that the hauling might be done by the Meyers, and they were to be allowed a reduction therefor. Under the agreement, about one hundred and twenty-six cords of wood were hauled prior to November 20, 1894, and piled by Scriver's direction in two tiers outside and along and near his fence. On November 20, 1894, while the wood was so placed, the Meyers, for the purpose of raising money to pay the Japanese, borrowed the sum of two hundred and twenty dollars from ths plaintiff, delivering to him their promissory note therefor; and, at the same time, and as security for its payment, they executed to him a bill of sale for said wood. After the bill of sale to plaintiff was signed, Meyer and his wife went with plaintiff and pointed out the wood to him, and measured it with a tape line. Meyer then said: "Mr. Dubois, there is the wood; it is yours. Do what you like with it." Within three and a half hours thereafter Mrs. Meyer paid the Japanese for the cutting of the wood, and they released their lien and possession. The wood was not marked in any way, nor was it moved. It was understood by plaintiff and the Meyers that whatever security the Japanese had on the wood should inure to the benefit of plaintiff.

On November 23, 1894, the wood was seized by the defendant Spinks, a constable, on a writ of execution issued out of a justice's court upon a judgment in favor of defendant Dierssen against said J. A. Meyer. No notice of garnishment was served on plaintiff. On December 4, 1894, plaintiff served upon defendant Spinks a verified claim in writing, stating that he claimed the wood under a bill of sale from John A. and Agnes M. Meyer. On December 6, 1894, and before the sale of the wood on execution, plaintiff informed defendant Spinks that he had loaned the Meyers two hundred and twenty dollars on the wood, and held a promissory note dated November 20, 1894, payable sixty days from date. The wood was sold in pursuance of said levy, and purchased by the defendant Dierssen.

The court below gave judgment in favor of plaintiff for three hundred and twelve dollars and fifty cents. The appeal is from the judgment, and from an order denying defendants' motion for a new trial.

1. Appellants contend that the transfer of the wood was void against them, for want of an immediate delivery, followed by an actual and continued change of possession, as required by section 3440 of the Civil Code, and decisions construing it.

What constitutes an immediate delivery, or an actual and continued change of possession, in the sense of section 3440 of the Civil Code, is a question of fact to be determined on the evidence; and where, as in this case, the evidence tends to prove such delivery and change of possession, the finding of the court will not be disturbed. (*Porter* v. *Bucher*, 98 Cal. 459; *Claudius* v. *Aguirre*, 89 Cal. 503.)

In *Samuels* v. *Gorham*, 5 Cal. 226, it was said: "By immediate delivery is not meant a delivery *instanter*, but the character of the property, and its situation, and all the circumstances, must be taken into consideration in determining whether there was a delivery within a reasonable time so as to meet the requirements of the statute." This case was cited and approved in the case of *Carpenter* v. *Clark*, 2 Nev. 246, in which Lewis, C. J., said: " Perhaps a delay of two or three days in making a delivery, after the sale is otherwise complete, might not be sufficiently immediate to meet the requirements of the statute. That is a fact, however, which is to be determined by a consideration of all the circumstances of each case." *Bassinger* v. *Spangler*, 9 Col. 189, is to the same effect, wherein the court said: "The fact that the property was sold one day to the plaintiff, and not delivered until the next day, does not render the sale void, if it appears in evidence that the delivery was impossible on the day of sale; and it is properly a question for the jury to answer whether the property was so situated and the parties were so located at the time of the making of the sale that instant delivery

could not be made, and whether it was made as soon thereafter as practicable." (See, also, *Parks* v. *Barney*, 55 Cal. 239; *Hesthal* v. *Myles*, 53 Cal. 623; *Reddington* v. *Nunan*, 60 Cal. 632.)

Considering the ponderous and bulky nature of the one hundred and twenty-six cords of wood, it was not necessary to change its situation for the purpose of effecting a delivery of possession (*Hutchins* v. *Gilchrist*, 23 Vt. 86); and, had the order of the acts constituting the whole transaction been reversed, there could have been no question that they constituted an immediate delivery. But, since all those acts were done within three and a half consecutive hours, I think that, under the circumstances, the court may have properly considered the satisfaction and release of the lien held by the Japanese and the delivery of the wood to plaintiff, as parts of the same transaction, and substantially contemporaneous. As soon as practicable after the money loaned by plaintiff was received by the Meyers, Mrs. Meyer paid the demand for which the wood was held in pledge by the Japanese, and they released their lien, thus removing all valid objections to plaintiff's rightful possession of the wood.

It makes no difference whether the transaction be a sale or a pledge, since, in either case, it is a " transfer of personal property," in the sense of the statute. (*Woods* v. *Bugbey*, 29 Cal. 476; *Hilliker* v. *Kuhn*, 71 Cal. 214.)

2. It is next contended by appellants that, if in plaintiff's favor at all, the judgment should have been limited to the amount of the debt due from the Meyers to him.

The only case cited to sustain this view is *Treadwell* v. *Davis*, 34 Cal. 601; 94 Am. Dec. 770. But in that case it was held that the plaintiff, a pledgee, was entitled to recover the full value of the property, in an action against the sheriff, on the ground that the sheriff, instead of seizing the property itself, should have served a notice of garnishment. The interest of the pledgor may be reached under an execution, but it can only be

done by serving a garnishment on the pledgee, and not by a seizure of the pledge. By pursuing the latter course, the sheriff became a trespasser, and therefore could not be said to be in privity with the pledgor. The same rule should apply here.

3. Appellants claim that plaintiff was not entitled to judgment because he did not make such a claim upon the defendant constable as is required by section 689 of the Code of Civil Procedure.

The claim did not state that the plaintiff had taken the wood in pledge; it stated, however, that he was entitled to possession under the bill of sale. And that was true. I think the notice was sufficiently explicit. Section 689 is intended solely for the protection of the officer making the levy, and the notice was sufficient for that purpose.

4. The view of the case above taken renders it unnecessary to discuss in detail the alleged errors in the admission of evidence. It need only be said that such evidence was relevant for the purpose of showing the situation of the wood, as bearing upon the questions of delivery and change of possession.

I think the judgment and order should be affirmed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.