[Civ. No. 3442. Second Appellate District, Division One.—January 20, 1921.]

MAGGIE J. BOSBYSHELL, Respondent, v. JOHN C. CLINE, Sheriff, etc., et al., Appellants.

HAMMOND LUMBER COMPANY (a Corporation), Appellant, v. MAGGIE J. BOSBYSHELL et al., Respondents.

[1] FRAUDULENT CONVEYANCES—NONCOMPLIANCE WITH CODE—LIABILITY OF OTHER PROPERTY OF TRANSFEREE TO ATTACHMENT—POSSESSION OF TRANSFEROR.—The fact that the transfer of certain specific personal property from one person to another, in satisfaction of a present indebtedness, is not accompanied by the acts required by section 3440 of the Civil Code does not render other personal property subsequently acquired by the transferee subject to attachment at the instance of a third person who was a creditor of the transferor at the time such transfer was made, even though this latter property is placed upon a ranch owned by the transferee but which the transferor is employed to manage.

[2] ID.—EXECUTION OF MORTGAGE—OWNERSHIP OF PROPERTY—PRESUMPTION—REBUTTAL.—The act of a person in executing a mortgage on certain personal property for the balance of the purchase price thereof at most raises a presumption that he is the owner of such property, and that presumption is overcome by proof that the entire purchase price of the property, including the mortgage, was paid by another.

[3] ID.—OWNERSHIP OF PROPERTY—EXEMPTION AFFIDAVIT AS EVIDENCE.—In an action in the nature of claim and delivery to recover certain personal property levied upon by the sheriff as the property of plaintiff's son, the fact that the latter, long after the making of the levy, when asking for exemption from military duty, made an affidavit that plaintiff (his mother) was dependent

upon him, which affidavit, in view of the fact that she was more than seventy years of age and feeble, he might very well have made, is, if competent evidence, of no weight whatsoever touching the issue whether he or his mother owned the property.

APPEALS from judgments of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

R. L. Horton for Appellants.

Richard A. Dunnigan for Respondents.

SHAW, J.—The two above-entitled actions were tried together. The first one is in the nature of claim and delivery to recover certain personal property. In the second, plaintiff therein, alleging that certain real estate had been fraudulently conveyed by its debtor, William Bosbyshell, to Maggie J. Bosbyshell, sought to have the transfer thereof declared fraudulent and void.

Judgment was entered for the plaintiff in the first case and for defendants in the second, from which defendants in the one and plaintiff in the other have appealed.

As we gather from the meager statements and excerpts of evidence from the typewritten transcript, as printed in the briefs, the facts material to a decision of the cases are: That Maggie J. Bosbyshell is the mother of William Bosbyshell, who, prior to February 2, 1915, had been engaged in the business of building contractor, as a result of which he was at the time indebted to the Hammond Lumber Company in the sum of $6,323.67, for which on said date he made and delivered his promissory note in evidence thereof; that at the same time he was indebted to his mother in the sum of some $19,000, as evidenced by his promissory notes theretofore delivered to her. At the time, he and his mother were joint owners of a small ranch, upon which neither resided, but through employees they conducted a dairy consisting of some fifteen or twenty head of cows, and possessed other personal property used in connection therewith, all of which they owned jointly. On March 1, 1915, William Bosbyshell, in payment of the indebtedness due to his mother, conveyed to her his one-half interest in

the ranch, which deed was on the same day duly filed for record, and by bill of sale transferred to her his one-half interest in the cows and personal property thereon so owned by him, in consideration of which she canceled and surrendered to him the promissory notes evidencing his indebtedness to her. The note to the Hammond Lumber Company was reduced by payments made to the extent that on August 9, 1917, there remained a balance due thereon of $3,989.35, for which, on said date, William made and delivered to the Hammond Lumber Company his note for said sum, and upon which the Hammond Lumber Company, some four years after the alleged fraudulent transfer, to wit, on February 10, 1919, brought an action and therein caused a writ of attachment to be levied upon his interest in the real estate involved herein, and also to be levied upon all the personal property which at the time was located on the ranch. This property consisted of some fifty head of Jersey cows, heifers, and yearlings, a bull, six head of horses, and other personal property, and constitutes the subject of the first entitled action herein, and of all of which, as found by the court, plaintiff was the owner.

Appellant suggests no reason and makes no argument in support of a reversal of the judgment rendered in the case of *Hammond Lumber Co.* v. *Maggie J. Bosbyshell and William Bosbyshell.*

As to the other case, that of *Maggie J. Bosbyshell* v. *Cline, Sheriff, etc., et al.,* it conclusively appears that at the time of the alleged transfer made on March 1, 1915, by William to his mother, he was justly indebted to her in the sum of upward of $19,000. [1] Indeed, appellants do not question the good faith of the parties in this transaction; but, invoking the provisions of section 3440 of the Civil Code, claim that the purported transfer was not accompanied by an immediate delivery of the property, nor followed by an actual and continued change of possession of the things so transferred, and hence the alleged transfer as to the Hammond Lumber Company must be deemed to be void. Without quoting the testimony bearing upon the question, we may concede that, as claimed by appellants, the evidence is insufficient to support the finding to the effect that the transfer of title to the property made on March 1, 1915, was accompanied by an immediate delivery

thereof and followed by an actual and continued change of possession. However this may be, such finding must be deemed immaterial for the reason that the court, upon sufficient evidence, found that the writ of attachment was not levied upon any of the property so transferred, but "that said cattle and the increase thereof so transferred by Wm. Bosbyshell, . . . to the plaintiff herein, on the first day of March, 1915, were sold or died prior to the levy of the attachment on said property by the sheriff, . . . and that on the said date that said cattle were so attached, to wit, on the thirteenth day of February, 1919, no part of said cattle or personal property aforesaid were in the possession of said plaintiff"; and "that all of the personal property described in plaintiff's complaint herein and now in the possession of the sheriff, . . . hereinbefore found to be the property of the plaintiff, was by the plaintiff purchased with her own separate funds from persons other than the said Wm. Bosbyshell, . . . and has at all times since said purchase and up to the unlawful taking by the said sheriff, . . . been in the exclusive possession of plaintiff, by and through her servant and agent"; and further, "that in so far as Wm. Bosbyshell, . . . has exercised any control or possession in connection with all of the said personal property described in plaintiff's complaint, he was at all times acting as the agent, servant and employee of the plaintiff herein and not otherwise." Since no part of the property transferred by William to his mother on March 1, 1915, was made the subject of the levy of attachment, it is therefore immaterial whether or not the transfer was accompanied by the acts required by section 3440 of the Civil Code.

Title to the ranch was, by deed duly recorded, conveyed to the mother on March 1, 1915, of which fact the Hammond Lumber Company must be deemed to have had notice; and while it is true that, commencing in June, 1915, and for a period of nearly four years prior to the levy of the attachment, she, at a salary of $150 per month, employed her son to manage the ranch and, as her agent, to care for the dairy stock and personal property which she had, subsequent to March, 1915, purchased with her own funds and placed upon the ranch in his charge, such facts would not justify the conclusion that, as to debts contracted by

him prior to March 1, 1915, the property, by virtue of such employment, should be deemed subject to the payment thereof, any more than if Maggie J. Bosbyshell had bought another farm, stocked it and employed her son in charge thereof. He never was owner of the property, and had no interest therein.

[2] It was alleged and proved that on November 1, 1916, William Bosbyshell bought a herd of cows for which his mother paid a part of the purchase price in cash and he, instead of his mother so doing, executed a mortgage thereon for the balance and immediately thereafter executed a bill of sale of the property to his mother, subject to the mortgage, which mortgage she thereafter paid. Appellants insist the judgment should be reversed because the court made no finding upon the issue as to the giving of this mortgage by William. We see no reason for so doing. The act of William in executing the mortgage at most raised a presumption that merely by virtue of his executing the mortgage he was owner of the herd of cows so purchased. The testimony touching the transaction and the fact that his mother paid the entire purchase price is ample to overcome such presumption. [3] The fact that William, long after the making of the levy, to wit, on July 10, 1919, when asking for exemption from military duty, made an affidavit that his mother was dependent upon him, which affidavit, in view of the fact that she was more than seventy years of age and feeble, he might very well have made, is, if competent evidence, of no weight whatsoever touching the issue which was tried, namely, whether he or his mother owned the property. In *Dubois* v. *Spinks,* 114 Cal. 289, [46 Pac. 95], it is said: "What constitutes an immediate delivery, or an actual and continued change of possession, in the sense of section 3440 of the Civil Code, is a question of fact to be determined on the evidence; and where, as in this case, the evidence tends to prove such delivery and change of possession, the finding of the court will not be disturbed." And in *Feeley* v. *Boyd,* 143 Cal. 282, [65 L. R. A. 943, 76 Pac. 1029], the court says that such question is governed by no definite rule, but depends upon the facts and circumstances of the particular case, and where there is conflicting evidence and a variety of circum-

stances from which conflicting inferences may be drawn, the findings of the trial court must govern.

The judgment in each case is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1921.

All the Justices concurred.