[Civ. No. 5879. First Appellate District, Division Two.—December 9, 1927.]

LOUIS ROSENTHAL, Respondent, v. WALTER J. TAYLOR, as Constable, etc., Appellant.

Myron Harris and Jesse Nichols for Appellant.

Glickman & Glickman for Respondent.

NOURSE, J.—Plaintiff sued for the conversion of two pumps and one cone tank seized by the defendant Taylor, as constable, under a writ of execution issuing out of the justice's court. Plaintiff had judgment against the defendant Taylor alone for the return of the two pumps or for their value fixed at $425 and for $100 damages for their conversion. From this judgment this defendant has appealed on a typewritten record.

, The pumps were purchased by one Sam Kessler in April, 1925, dismantled and hauled by truck from Mountain View to the yard of Kessler located in Oakland. They were then sold by Kessler to plaintiff in their dismantled state some time in May of the same year. The purchaser took immediate possession and with the aid of two men employed by him gathered up the parts, which were scattered about Kessler's yard, reassembled the pumps and stored them in a shed at the rear of the yard for protection against the weather. Some of the valves belonging to the pumps were not assembled but were taken by the plaintiff to his own place of business and remained continuously in his possession.

It is the contention of the appellant that findings number 9 and 10 relating to the transfer of possession to and the continuous exercise of possession by the respondent are

not supported by the evidence. The appellant argues that the provisions of section 3440 of the Civil Code, which declare that a transfer of personal property shall be conclusively presumed to be fraudulent unless accompanied by immediate delivery and followed by a continued change of possession, have not been met because the respondent left the pumps in the Kessler shed. The respondent answers that the delivery took place when he and his employees actually took into their possession the scattered parts and assembled them into the pumps, and that possession of the assembled articles was not lost by the mere storing of them in the shed for protection against the weather.

The rules of law involved are well settled. What constitutes delivery and possession is a question of fact to be determined by the trial court in view of the circumstances of each particular case. (*Dubois* v. *Spinks,* 114 Cal. 289, 290 [46 Pac. 95].) All species of property are not capable of the same kind of possession, and where the goods are of considerable bulk their removal from the land of the seller is not always necessary. (12 Cal. Jur. 998, 1002.) In *Sequeira* v. *Collins,* 153 Cal. 426, 431 [95 Pac. 876], the supreme court says: "Where the goods sold or transferred are bulky or require further labor to fit them for use, it is not essential to a change of possession that they should be removed from the land of the transferer." (Citing cases.) Here the evidence is that the respondent purchased the scattered parts which he actually took in his possession and assembled. The pumps thus assembled, minus some of the valves which he took to his own place of business, were then stored in a shed belonging to the seller. Upon these facts the trial court found that there was a *bona fide* sale and delivery and that the storing of the pumps with the seller did not render the sale fraudulent. The evidence supports the findings and brings the case within the rule of the Sequeira case.

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.