In the Matter of LUNDGREN WOOD PRODUCTS, a corporation, Debtor.
No. 56602.

United States District Court
N. D. California, S. D.
Nov. 3, 1961.

Fitzgerald, Abbott & Beardsley, Oakland, Cal., for United California Bank.

Jacobs & Hoffman, San Francisco, Cal., James M. Conners, San Francisco, Cal., for trustee.

HARRIS, Chief Judge.

The United California Bank has presented a Petition for Review of the Referee's ruling with respect to the standing of the bank's claim in the above entitled bankruptcy. The parties filed a stipulation of facts through petitioner's predecessor, the First Western Bank.[1]

On December 22 and 23, 1959, petitioner paid $19,175.20 to bankrupt for two certificates of indebtedness, attached to which were invoices covering 99 sets of birch cabinets, including shelves, ceiling trim and hardware, constructed for the Stoneson Development Company.

As disclosed by the stipulation, the cabinets were in existence at the time of the bank payments which were used for payroll, materials and other expenses. Petitioners acted in good faith, believing that Stoneson would purchase the cabinets upon receiving FHA approval of the interior of homes in the subdivision to which the cabinets would go.

On January 3, 1960, the bank learned that no binding contract covered the cabinets. Promptly, it arranged, through two purchase orders (January 7th and 22nd), for the sale. But further work was necessary to make the product acceptable. Advances in the additional sum of $2612, paid by petitioner, made possible alterations and changes by bankrupt.

The completed cabinets were delivered to the Christina Warehouse in San Jose from whence they were withdrawn by Stoneson as needed. The right of petitioner to be repaid its advances, plus reasonable interest, is now in dispute.

The Referee, in ruling in favor of the claim of the trustee, held that the failure of the bank to remove the cabinets from the property of the bankrupt, before the alterations were completed, made the December transaction void as to creditors because of the application of California Civil Code Section 3440, which requires delivery and actual change of possession

1. *Chronology of events, per stipulation of facts:*
    1. October 30, 1958—agreement between bank and bankrupt for advancement of funds secured by assignment of accounts receivable and General Pledge Agreement.
    2. November 3, 1958—notice of Accounts Receivable Assignment Agreement filed in office of County Recorder of Alameda County, Series No. AP114592.
    3. December 22, 23, 1959—invoices purportedly billing Stoneson Development, accompanying two Certificates of Indebtedness, presented to bank, with Assignment of accounts represented by invoices, in return for advances of $8,985.60 and $10,189.60.
    4. January 3, 1960, Kingman, manager of bank, was informed that Stoneson had not issued written purchase orders covering cabinets built for project. Immediately, Kingman took part in consummating sale to Stoneson.
    5. January 7, 1960—purchase orders issued by Stoneson.
    6. January 19, 1960—petition in bankruptcy filed under Ch. XI.
    7. January 22, 1960—purchase orders issued by Stoneson, and further funds of $2,612 advanced by bank to cover alterations required to meet FHA approval.
    8. February 9–16, 1960—cabinets physically transferred to Christina Warehouse in San Jose, stored in name of bankrupt subject to removal by Stoneson as needed. New invoices made by bankrupt to Stoneson and delivered, with Certificates of Indebtedness to bank. (Earlier Certificates retired and cancelled.)
    9. March 7, 1960—bankrupt adjudicated and trustee appointed.

of personal property to make the transfer effective.

It is to be noted that the bank exercised dominion over the cabinets to the extent that it arranged for the actual sale through the efforts of the manager of the bank's Hayward branch, Mr. Kingman. Thus, petitioner had control after the December payment even though no change was made in the physical situs.

It is significant that no creditor made an advance to bankrupt after the bank paid its moneys, nor is there evidence that any creditor was misled because the cabinets remained on bankrupt's property where physical changes had to be made before the sale to Stoneson could be consummated.

Finally, the bank satisfied all requirements of recordation and notice in connection with its Account's Receivable financing of the transaction and is only asking for repayment of its loan rather than the full proceeds from the sale of the cabinets.

Under the facts presented to the court, there is but a single issue: Does California Civil Code Section 3440 preclude protection of the bank?

As early as Porter v. Bucher, 1893, 98 Cal. 454, 33 P. 335, 336, the Supreme Court held that the language of the Code which requires a change of possession must not be construed so literally as to lead to "very unjust and very absurd results." Thereafter, in Guthrie v. Carney, 1912, 19 Cal.App. 144, 124 P. 1045, 1048, the Court interpreted delivery to mean within a reasonable time "or as soon after the sale as is practicable," if the statute would be fulfilled.

Meanwhile, in Sequeira v. Collins, 1908, 153 Cal. 426, 95 P. 876, the Supreme Court had enunciated a rule whose fairness and standards appear to be applicable in the case at bar. The Court stated, 153 Cal. at page 431, 95 P. at page 878:

"Where the goods sold or transferred are *bulky, or require further labor to fit them for use,* it is not essential to a change of possession that they should be removed from the land of the transferrer." The Court went on to observe that retention of a measure of control would not in itself nullify the transaction. (Italics ours.)

It was eminently proper for bankrupt to retain the cabinets on his property in order to perform the labor necessary to meet the requirements of Stoneson. Nor was it essential that the completed cabinets be removed at once to a different storage area. Rosenthal v. Taylor, 1927, 87 Cal.App. 399, 262 P. 395. Particularly is this so when as it appears no one was misled or deceived.

The bank, as soon as it learned that the cabinets were not subject to a purchase order from Stoneson, instituted action for their sale. Promptly after knowledge on the part of the bank, purchase orders were received and a sale was completed. Bankrupt retained possession to complete work on the cabinets to meet requirements of Stoneson and then the finished products were removed to the Christina Warehouse in San Jose. From there they were withdrawn as needed by the purchaser.

To subscribe to the strict formality of Civil Code Section 3440 in this case is to create an inequitable situation which is shocking to the conscience, particularly as it appears that creditors were not misled nor was credit extended on the faith of the property then in the possession of the bankrupt. The trustee herein seeks a windfall by reason merely of the intervention of bankruptcy. The equities weigh strongly against any such rule in the case at bar.[2]

The decisions cited by the trustee are distinguishable. As construed by the California courts, Civil Code Section 3440 does not nullify the transaction and

---

2. Cf. Lewis v. Manufacturers Nat. Bank of Detroit, 364 U.S. 603, 81 S.Ct. 347, 350, 5 L.Ed.2d 323, wherein the court in construing section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c observed that the interpretation requested "would enrich unsecured creditors at the expense of secured creditors, creating a windfall merely by reason of the happenstance of bankruptcy." In the principal case, petitioner's action saved an asset for the estate.

the bank is entitled to recover its moneys, as prayed for.

Accordingly, it is ordered that the decision of the Referee be, and the same hereby is, reversed.