## EDWARDS v. BEUGNOT.

Where shares of stock in a corporation have been regularly transferred as security for a loan, the mortgagee is the only proper garnishee in a suit against the mortgagor, and attachment on his interest in the corporation.

In such a case, the corporation is no longer privy to the interest of the mortgagor, which is a mere equity in the hands of the mortgagee.

APPEAL from the Superior Court of the City of San Francisco.

The plaintiff and defendant were both attaching creditors of L. Hermann, who had, prior to both attachments, assigned one hundred shares of the American Russian Company to James C. Ward, as security for a loan, and one hundred shares to George R. Ward, as security for another loan.

In both cases, the stock was regularly transferred on the books of the Company, and the mortgagees had full power of attorney to sell, on non-payment of their respective claims.   George R. Ward was the agent, under full power of attorney, of James C. Ward, who was absent from the State.   On January 3d, 1856, the plaintiff served an attachment on George R. Ward, to secure any surplus due to Hermann.   On the same day, the defendant served an attachment, for the same purpose, on the President of the American Russian Commercial Company, and on the following day, served an attachment on George R. Ward.

The debts of James C. Ward and George R. Ward becoming due, the latter, as attorney of the former, and in his own behalf, sold the two hundred shares of stock, leaving in his hands, after paying J. C. Ward's note, a surplus of three hundred and seventy-six dollars and eighty-nine cents, and after paying his own note, a surplus of twelve hundred and eighty-two dollars and fifty-four cents.   At this latter sale, the defendant was purchaser, and, after paying Ward's note, retained the surplus of twelve hundred and eighty-two dollars and fifty-four cents, claiming to

have right to offset it. Plaintiff serves an execution on Ward for this surplus, and defendant serves an execution on him for the surplus of three hundred and seventy-six dollars and eighty-nine cents.

This is an agreed case to try the rights of plaintiff and defendant to these funds. The Court below entered judgment for defendant, and plaintiff appealed.

*Saunders & Hepburn* for Appellant.

The respondent contends that the attachment in the hands of the Company, bound the balance in the hands of Ward, after paying the debts due to his brother and himself.

If this be so, it must be by virtue of subdivision third of section one hundred and twenty-five of Practice Act, which enacts as follows:

"Stock, or shares, or interest in stock, or shares, of any corporation or company, shall be attached by leaving with the President, or other head of the same, or the Secretary, Cashier, or managing agent thereof, a copy of the writ, and a notice, stating that the stock, or interest, of defendant is attached in pursuance of such writ."

Now, if the defendant Hermann had never made any transaction with the Wards—that is, if he had never transferred his stock, and it still stood in his name—then the attachment of Beugnot, in the hands of the Company, would have been good ; but having transferred his stock to another, it is the same as if he had never owned it, and the Company have to deal only with his assignee, who, as against it, is the absolute owner of the property, chargeable with all the obligations of the ownership, and entitled to all its benefits. Who, then, is the proper person to attach in such a case ? George R. Ward, the person who dealt with Hermann, and against whom Hermann could call for an account of any surplus in his hands.

Subdivision four of the same section, (one hundred and twenty-five,) has fully provided for this case.

"Debts, and credits, and other personal property not capable of manual delivery, shall be attached by leaving with the person owing such debts, or having in his possession, or under his control, such credits or other personal property, a copy of the writ," etc.

From this, it is apparent that a judgment for the surplus could be rendered against Ward, and that none could be rendered against the Company, which disposes of the whole question.

*Whitcomb, Pringle, & Felton,* for Respondents.

1. "The sale of stock not being justifiable at common law, the statute must be strictly pursued." Howe *v.* Starkweather, 17 Mass., 243.

Process under the third clause of the one hundred and twenty-fifth section is therefore the only possible method of reaching any "interest" in stock. The act makes a distinction between this and all other intangible property, and the distinction taken in the third and fourth clauses of this section of the Attachment Act is preserved in the twenty-sixth section of the act of 1854, providing for the seizure of stock and other intangible property upon execution.

The theory of the statute is, that the attachable interest of each stockholder resides in the Company, not in himself. No process upon Hermann could reach Hermann's stock. We must pursue it through the Company. No process upon Ward could reach Ward's stock. We must pursue it through the Company.

The idea of the law is this : That the corporation is the foundation of the indebtedness, owing definite amounts of stock to each of its stockholders. The corporation, then, is the real "person owing the debt" to Hermann, and the person through whom we must reach that debt. In this view of clause third, that clause becomes, indeed, a necessary corollary to clause fourth—the corporation being the "person owing the debt" to Hermann.

2. Another fatal objection to appellant's process, is that a pledgor's interest in a pledge is not attachable at common law, nor by the provision of the statute under which he has acted. Story on Bailments, § 353 ; Stief v. Hart, 1 Comst., 28.

Whenever statutes have subjected the pledgor's interest to attachment, they have found it necessary to provide a special method, which must be strictly followed.

Now, leaving out of view, for the present, the third clause of this section, and we contend that our Attachment Act provides no means of reaching the pledgor's interest in a pledge. The trustee or garnishment process of clause fourth fails to do so, because it is uncertain whether any surplus shall ever be due from pledgee to pledgor. Norris v. Burgoyne et al., 4 Cal.

The pledgee has property, or goods, or stock, when a notice is served on him. When he sells, even if there is any surplus, the rem has changed. He cannot bring into Court the same thing which was reached by the process, if any thing was reached. That has shifted—gone. Not only has this principle been established by a long train of decisions leading directly up to it, but the point has been directly decided under the statutes in Massachusetts and New Hampshire, similar to our own. The references and authority are contained in the following quotation :

· "Prior to the passage of the 'act relating to mortgages and pledges of personal property and property subject to any lien created by law,' approved December 12, 1832, the pledgee of goods could not be holden as the trustee of the pledgor." Hudson v. Hunt, 5 N. H., 538.

A similar doctrine was holden in Massachusetts, under statutory provisions, like those in force in this State, prior to 1832. Badlam v. Tucker, 1 Pick., 389.

And it cannot be doubted that in this State, personal property mortgaged could not be attached by the trustee process in the hands of the mortgagee. Prior to the act of December 12, 1834, a mortgagee, or pledgee, who held the property under a valid mortgage, or pledge, could not be rendered liable in any manner as the trustee of the pledgor or mortgagor, whatever might be the amount or value of the property mortgaged or pledged. Briggs v. Walker, 1 Foster, 72.

The objection will be urged here of the absolute transfer upon the books of the Company. But that is no objection. First, because it is clear, (under the authority of 1 Parsons on Contracts, p. 595; of Wilson v. Little, 2 Comst., 447; and Merchants' Bank v. Cook, 4 Pick., 410,) that the assignment was only for the purpose of completing the possession of the pledge, the transfer of possession of a chose in action not being possible without an assignment. The mortgagor who gives an absolute deed, with a parol defeasance, retains as much interest in the property as if he had made a mere technical mortgage. Second, because the record of the transfer upon the books of the Company is an immaterial circumstance; it neither gives nor takes away from the effect of the transfer, so far as the interest of the pledgor is concerned. It may affect, by statute, the security of the pledgee, but it cannot affect the interest of Hermann, the pledgor, which both appellant and respondent are here pursuing.

HEYDENFELDT, J., delivered the opinion of the Court—MURRAY, C. J., concurring.

The stock having been regularly transferred to Ward on the books of the Company, the latter could no longer be privy to the interest of Hermann. What remained to Hermann, was an equity in the hands of Ward, to be ascertained after the payment of Ward's debt, and so Ward was the only proper garnishee, and the first attachment of the fund in his hands has the prior lien, and is entitled to payment.

Judgment reversed and cause remanded.