[No. 19243. Department Two.—February 9, 1894.]

## REDONDO BEACH CO., RESPONDENT, v. R. G. BREWER ET AL., DEFENDANTS, CALIFORNIA LOAN AND TRUST CO., APPELLANT.

ATTACHMENT—GARNISHMENT—DEBT—EQUITY CLAIMS.—The word "debt" as used in the law of garnishment includes only legal debts—causes of action upon which the defendant in the attachment, under the common-law practice, can maintain an action of debt or *indebitatus assumpsit*— and not mere equitable claims.

ID.—FORFEITURE OF CONTRACT OF SALE—EQUITABLE CLAIM OF VENDEE OF PURCHASER.—Where a purchaser under a contract for the sale of land, paid the sum of one hundred and fifty dollars thereon, and sold his equity to another person, who made improvements upon the property, but paid no further installment of purchase money, whereupon the original vendor elected to declare the contract forfeited and at an end, the right of the vendee of the purchaser in the premises is nothing more than an equitable claim upon the amount paid by the purchaser subject to the vendor's right to recoup damages for breach of contract; and such equitable claim is not the subject of garnishment under execution, and cannot be enforced by an attaching creditor of such vendee against the original vendor of the land.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*Walter Bordwell*, for Appellant.

An action to quiet title does not lie by a vendor under a contract to convey when he has failed to return what

money he has received under the contract. (*Chandler* v. *Chandler*, 55 Cal. 269.) When a contract for the purchase of land has been terminated, the vendee, or his assignee, is entitled to recover from the vendor, whatever the latter has received under the contract. (*Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *White* v. *Buell*, 90 Cal. 177; *Phelps* v. *Brown*, 95 Cal. 572; *Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187.) An attaching creditor is subrogated to the rights of his debtor against the garnishee, and may recover against the latter. The debt is transferred to the attaching creditor by virtue of the garnishment. (Code Civ. Proc., sec. 544; *Roberts* v. *Landecker*, 9 Cal. 265.) A vendee who is entitled to recover payment from the vendor of whatever the latter has received under the contract, for the sale of the land, has a lien on the land to secure such payment. (Civ. Code, sec. 3050.) A lien is merely an incident to the debt, and follows and passes with it when transferred. (Civ. Code, sec. 2936; *Storch* v. *McCain*, 85 Cal. 304.) A transfer by garnishment process of a debt secured by a lien, transfers the lien as well as the debt to the garnishing creditor. (*Edwards* v. *Edwards*, 24 Ohio St. 411; *Alsdorf* v. *Reed*, 45 Ohio St. 653.)

*Sheldon Borden*, for Respondent.

A vendee who is himself in default and whose time for making his last payment has fully expired, is not entitled to recover the purchase money paid unless he has put the vendor in default by offering to perform the contract tendering the balance of the purchase money and demanding a conveyance. (*Newton* v. *Hull*, 90 Cal. 487; *Vorwerk* v. *Nolte*, 87 Cal. 236; *Smith* v. *Mohn*, 87 Cal. 489; *Wilcoxen* v. *Stitt*, 65 Cal. 596; *Banbury* v. *Arnold*, 91 Cal. 606; *Dennis* v. *Strassburger*, 89 Cal. 583; *Merrill* v. *Merrill*, 95 Cal. 334; *Townsend* v. *Tufts*, 95 Cal. 257.) Even if it be admitted that the plaintiff, by bringing this action, became liable to the vendee for the money theretofore paid, still admitted that plaintiff would be entitled to recoup, as against such a demand,

all damages occasioned by the vendee's breach of the contract of sale, and therefore the liability of the vendor was wholly unliquidated and not such a debt as would render the vendor liable as a garnishee. (*Hassie* v. *G. I. W. U. Congregation*, 35 Cal. 378; 2 Wade on Attachment, secs. 328, 447.)

McFARLAND, J.—This is an action to quiet title to a certain parcel of land. R. G. Brewer, Ernest A. Miller, and certain other persons were made defendants and suffered default. The California Loan and Trust Company was also made a defendant, and filed an answer and cross-complaint, to each of which plaintiff interposed a general demurrer. The demurrers were sustained, and judgment was rendered for plaintiff. The said loan and trust company appeals from the judgment.

The answer and cross-complaint set up substantially these facts: On October 1, 1889, plaintiff and the defendant, Brewer, made a written contract for the sale by the former to the latter of the land described in the complaint. By this contract Brewer was to pay, and did pay, at its date $150, and was to pay $325 on April 1, 1890, and $325 on October 1, 1890, when plaintiff was to give him a conveyance of the land. No part of either of the said deferred payments were ever made. On May 27, 1890, Brewer assigned all his interest in the contract to the defendant, Miller, who, prior to October 1, 1890, erected a building on the land worth $400. No part of the $150 or $400 has been repaid to Miller or any other person. Subsequent to October 1, 1890, plaintiff, it is averred, elected to declare the contract forfeited and at an end. Subsequent to said alleged election the defendant and appellant, the said loan and trust company, recovered a money judgment against said defendant Miller for $950, upon which he caused an execution to be issued, and the sheriff, " by virtue of said writ of execution, duly attached the debt then due from the plaintiff, the Redondo Beach Company, to the said defendant, E. A. Miller." And it is averred that, by vir-

tue of the said levy under execution, said loan and trust company is entitled to recover from the plaintiff the said $120 paid on said contract, and the said $400, value of said building erected by Miller, with interest, and that it has a lien on said land for said two amounts of money.

We think that the demurrers were properly sustained. The briefs of counsel contain quite an elaborate discussion about the respective rights of parties to contracts for the sale and purchase of land when the vendee, having made the first payment, fails to make any of the deferred payments. But we do not think it necessary to deal with this discussion, for we think that counsel for respondent is right in his contention that under any view of the subject appellant did not acquire anything by the garnishment under his execution which he can use as a defense or cross-claim in the present action. We may assume that Miller, although he had utterly failed to comply with the contract with respondent, had still some sort of a claim against the latter with respect to the $150 paid by Brewer. (We find no authority for any claim for improvements in such a case.) We may assume also that if respondent had been "indebted" to Miller, or had owed him a "debt" within the meaning of sections 717 and 720 of the Code of Civil Procedure, the appellant could have set up such debt directly in the answer and cross-complaint, without resorting to proceedings supplementary to execution, or to a creditor's bill, which proposition is doubtful. (See *Herrlich* v. *Kaufmann*, 99 Cal. 271.) Still, whatever right Miller had in the premises was nothing more than an equitable claim upon $150, paid by Brewer, subject to respondent's right to recoup damages for breach of contract. It was, at best, a mere equity, and not a cause of action upon which he could have maintained a common-law action of debt or *indebitatus assumpsit;* and therefore was not the subject of garnishment under the execution. "It is well settled that the word 'debt,' as used in the law of garnishment, includes only legal debts—causes of action upon which the defendant in

the attachment, under the common-law practice, can maintain an action of debt or *indebitatus assumpsit*— and not mere equity claims." (*Hassie* v. *G. I. W. U. Congregation*, 35 Cal. 385, 386.)

There is an averment in the complaint that appellant, prior to the judgment against Miller, had caused a writ of attachment to be issued, and had under said writ attached the interest of Miller in the land; but nothing further seems to have been done under said attachment, and no right under it is insisted on in the briefs of appellant. He rests his case on the garnishment under the execution.

Judgment affirmed.

DE HAVEN, J., and FITZGERALD, J., concurred.