[S. F. No. 2823.    Department Two.—February 4, 1904.]

JOHN LACKMANN, Respondent, v. THOMAS H. KEARNEY, Respondent, and TAYLER & SPOTS-WOOD COMPANY, Appellant.

INTERPLEADER—FUNDS IN HANDS OF SHERIFF—CONFLICTING CLAIMS—OMISSION IN FINDINGS—PRIORITY OF ASSIGNMENT OF ACCOUNTS COLLECTED.—Upon interpleader to determine conflicting claims to funds in the hands of a sheriff, collected under an execution, which was subsequently quashed, and the judgment under which it was issued vacated by the court on motion of the execution debtor, the creditor thus affected is entitled to a finding by the court, upon an issue tendered by his answer of an assignment by the execution debtor of all his interest in the accounts collected by the sheriff, which was prior in time to an assignment thereof to a person under whom the other defendant claimed the moneys collected, where there was evidence that such prior assignment was for collection and application on the debts of the execution creditor and two other creditors, whose rights he represented.

ID.—INSTRUCTIONS TO SHERIFF—EXECUTION CREDITOR NOT ESTOPPED.—The execution creditor is not estopped from claiming under his prior assignment, by reason of the fact that he gave instructions to the sheriff to levy upon the accounts in question as the property of the execution debtor, when it appears that the latter was not thereby misled to his prejudice, but resisted the proceedings, and

had them set aside, and that the former did not successfully maintain his judgment and execution, and when it does not appear that his conduct was the result of intentional deceit or gross negligence, but it may have been the result of innocent mistake.

ID.—INCONSISTENT CLAIMS—UNSUCCESSFUL CLAIM.—A party is not precluded from asserting a claim because inconsistent with some claim previously asserted by him, which was not successfully maintained.

ID.—ASSIGNMENT FOR COLLECTION—INTEREST OF ASSIGNOR SUBJECT TO EXECUTION.—Where a debtor assigns accounts for collection and application to certain debts, he has an interest remaining which is subject to execution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   J. M. Seawell, Judge.

The facts are stated in the opinion.

Hilton & McKinlay, for Appellant.

There were no elements of estoppel in the conduct of the appellant.   (*Boggs* v. *Merced Mining Co.*, 14 Cal. 367; *Barnhart* v. *Fulkerth*, 93 Cal. 497; *McCormick* v. *Orient Ins. Co.*, 86 Cal. 260; *Becker* v. *Becker*, 102 Cal. 228; *Murphy* v. *Clayton*, 113 Cal. 153; *Montgomery* v. *Keppel*, 75 Cal. 128.[1])   The court failed to find upon a matter at issue, as to the priority of appellant's assignment, upon which there was sufficient evidence.

Ben B. Haskell, for Thomas H. Kearney, Respondent.

The plaintiff was estopped to assert inconsistent claims. (Bigelow on Estoppel, pp. 673, 717, 719; 11 Am. & Eng. Ency. of Law, 2d ed., p. 446; *Parke & Lacey Co.* v. *White River L. Co.*, 101 Cal. 37.)

William J. Herrin, for John Lackmann, Respondent.

SMITH, C.—The plaintiff is the sheriff of the city and county of San Francisco; and this suit was brought, under section 386 of the Code of Civil Procedure, to compel the defendants to interplead as to their several claims to moneys collected by him under execution on a judgment of date November 12, 1900, in favor of the last-named defendant against

[1] 7 Am. St. Rep. 125.

one Atwater. The execution was levied under instructions of plaintiff therein, the Tayler & Spotswood Company, upon certain accounts due to Atwater from various persons, and the sum of $162.95 was collected. Afterwards, on December 26, 1900, while the money was still in the hands of plaintiff herein, the judgment was vacated by the court, and the execution quashed; and now demands are made upon the plaintiff for the money by both defendants. These facts are alleged in the complaint and expressly admitted in the answers; with regard to which, it was stipulated, upon the entry of an order for interpleader, that they should be considered as complaints of interpleader, each as against the other; and that all the allegations of each should be deemed denied. The defendant Kearney claims the money as assignee of one Haskell, to whom, December 27, 1900, the claim of Atwater thereto was assigned; and it is alleged in his answer that the money was collected from debtors of Atwater and for his use. The Tayler & Spotswood Company claims under a previous assignment to it by Atwater of the accounts in question, of date May 20, 1900. The findings of the court—so far as material —are: That all the allegations of the complaint and of the answer of the defendant Kearney are true; and "that the defendant Tayler & Spotswood Company is estopped from claiming that the money in controversy in this action belongs to it by virtue of any assignment of a date prior to the time of its collection by plaintiff, to wit, November 12, 1900." Judgment was accordingly entered in favor of defendant Kearney for the money in question and for costs. The appeal is by the Tayler & Spotswood Company from the judgment and from an order denying their motion for a new trial.

One of the grounds of error urged by the appellant is, that there is no finding as to the alleged assignment of the accounts in question by Atwater to the appellant of date May 20, 1900; and if the alleged fact is to be regarded as material, the ground is obviously well taken. Nor can the contention of the respondent be admitted that the allegation in question was in effect negatived by the facts set up in the respondent's answer and found by the court to be true—that is to say, that the money was collected from debtors of Atwater for his use—or by the finding that the appellant is estopped from pleading the assignment. These, in view of the

pleadings and the evidence, must be regarded as findings merely of conclusions of law deduced by the court from the facts before it, and cannot be understood as negativing the facts of the assignment alleged in the appellant's answer and proven without contradiction by the evidence. Assuming the materiality of the fact alleged, the appellant was entitled to a definite and direct finding with reference thereto. We have to inquire therefore simply as to the materiality of the allegation; if this be determined in the affirmative, the judgment should be reversed.

The position of the respondent on this point is, that the finding of estoppel is but a necessary inference from the fact —alleged in the complaint and in respondent's answer, and found to be true by the court—that, under the instructions of the appellant, the execution was levied by the plaintiff, on the accounts in question as the property of Atwater. But the conclusion, we think, is illegitimate. Atwater was not in any way misled to his prejudice by the action of the appellant, but, on the contrary, resisted the proceedings, and succeeded in having the execution and judgment set aside. Nor does it appear that the conduct of the appellant was the result of intentional deceit or gross negligence. (Code Civ. Proc., sec. 1962, subd. 3; *Boggs* v. *Merced Mining Co.,* 14 Cal. 367; *Barnhart* v. *Fulkerth,* 93 Cal. 497; *McCormick* v. *Orient Ins. Co.,* 86 Cal. 260; *Montgomery* v. *Keppel,* 75 Cal. 128.[1]) Nor do we think a party is precluded from asserting a claim because inconsistent with some claim previously asserted by him, but not successfully maintained. (11 Am. & Eng. Ency. of Law, 446, 447; *McQueen's Appeal,* 104 Pa. St. 596;[2] *Wheelock* v. *Lee,* 74 N. Y. 498, 499.)

It may be added, had the facts been found according to the evidence,—as they should have been (Code Civ. Proc., sec. 470),—it would have appeared that the assignment to the appellant was for collection and for application on the debts of the appellant and two other creditors—thus leaving an interest in Atwater which was subject to execution. If, in view of the rights of the other creditors secured, this mode of collection was improper, it may have been the result of an innocent mistake; and, at all events, the rights of the other creditors to participate in the fund would not have been

[1] 7 Am. St. Rep. 125.          [2] 49 Am. Rep. 592.

affected. The appellant must therefore be regarded as representing not only his own rights, but those of the other creditors interested.

We advise that the judgment and order appealed from be reversed.

Chipman C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed.

Henshaw, J., McFarland, J., Lorigan, J.

Hearing in Bank denied.