[Civ. No. 821.    Second Appellate District.—July 5, 1910.]

## GEORGE M. PEARSON, Respondent, v. ELI E. HENDRICK and D. E. MYERS, Appellants.

ACTION FOR REASONABLE VALUE OF SERVICES — DEFENSE OF SPECIAL CONTRACT—SUPPORT OF FINDINGS.—In an action to recover the reasonable value of work and labor performed by plaintiff as a civil engineer, at defendants' instance and request, in which the answer denied any amount due, and pleaded a special contract in defense, and in which the evidence tends to show that plaintiff rendered such services as engineer to defendants at their request for two hundred days of the fair value of $15 per day; that there was no agreement limiting the cost of the work; that no payments had been made upon those services, and that all payments made were on account of expenses incident to the employment, it is held that such evidence is sufficient to support the findings for the plaintiff, notwithstanding evidence for defendant to the contrary.

ID.—OPINION OF PLAINTIFF AS TO VALUE BASED ON PERCENTAGE IMMATERIAL—VALUE OF SERVICES OTHERWISE SHOWN.—The findings for plaintiff being established by sufficient evidence, the fact shown by the record that plaintiff founded his opinion as to the value of his services on a percentage basis is immaterial, since if plaintiff's evidence as to the value of his own services be ignored, such value is established for the plaintiff by independent evidence.

ID.—PRESENTATION OF CLAIM FOR SMALLER SUM — CLAIM FOR FAIR VALUE NOT PRECLUDED.—Though it is disclosed by the record that when plaintiff first presented his bill it was for a smaller amount, yet this would not preclude plaintiff from asserting a claim for the fair value of the services.

APPEAL from a judgment of the Superior Court of Riverside County, and from an order denying a new trial.   F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Purington & Adair, for Appellants.

Miguel Estudillo, for Respondent.

ALLEN, P. J.—The action was to recover the value of certain work and labor performed and expenses incurred as a civil engineer on behalf of defendants at their special instance and request, the reasonable value of which was alleged

to have been $5,518.55, and a balance unpaid of $2,205.95. The answer denied the performance of the services or their value, and alleged that such services as were performed were under a special contract through which the sum should not exceed $2,500.

Trial was had by the court, findings and judgment in favor of plaintiff, from which judgment, and an order denying a new trial, defendants appeal.

The specifications of error all relate to the insufficiency of the evidence to support the findings. An examination of the record discloses that there is evidence tending to show that plaintiff rendered services as engineer to defendants at their request for a period of two hundred days; that the fair value of such services in the locality was and is fifteen dollars per day; that there was no agreement limiting the cost of the work; that no payment had been made on account of these services, and that all the payments made were on account of expenses incident to the employment. These things being established, it is of no particular materiality that plaintiff himself should have based his opinion of the value of the services upon a percentage basis. Ignoring the plaintiff's testimony entirely as to the value of the services, it is established by independent evidence. It is true that it is disclosed in the record that when plaintiff first presented his bill, it was for a smaller amount. This, however, would not preclude plaintiff from asserting a claim for the fair value of the services. (*Lackmann* v. *Kearney,* 142 Cal. 115, [75 Pac. 668], and authorities cited.) In our opinion the findings have ample support, and the judgment and order should not be disturbed.

Judgment and order affirmed.

Shaw, J., and Taggart, J., concurred.