[Civ. No. 2000.    Second Appellate District.—September 11, 1916.]

## E. B. YOUTZ et al., Appellants, v. FARMERS & MERCHANTS' NATIONAL BANK OF LOS ANGELES, Respondent.

BANK DEPOSIT—ATTACHMENT OF—SUBSTITUTION OF PARTIES.—Under the provisions of section 386 of the Code of Civil Procedure, in an action brought against a bank by a married woman to recover money on deposit therein in her name, which the bank refused to pay to her because it had been attached for a debt of the husband under the claim that it was his money, the bank has the right, upon payment of the money into court, to have the plaintiff in the attachment suit substituted as party defendant in its place.

ID.—PURPOSE OF SECTION 386, CODE OF CIVIL PROCEDURE—CONSTRUCTION.—The design of section 386 of the Code of Civil Procedure is to enable a party who has been sued upon a contract as to which he admits full liability as to the amount thereof to show that a third party not named in the action claims some right to the proceeds of the contract either by way of complete ownership or that he possesses a lien against the same; and so showing, to deposit the money due in court and have the third party made defendant in his stead, thus placing in positions of adversaries the real parties at interest.

APPEAL from an order of the Superior Court of Los Angeles County substituting a party defendant. Louis W. Myers, Judge.

The facts are stated in the opinion of the court.

Harriman, Ryckman & Tuttle, for Appellants.

J. H. Shankland, for Respondent.

JAMES, J.—Defendant bank in September, 1913, had on deposit in the name of E. B. Youtz, wife of Joshua E. Youtz, the sum of $2,704.83. One Gara Williams commenced an action in the superior court against Joshua E. Youtz in which action judgment was sought in the sum of eleven thousand dollars on promissory notes. A writ of attachment was served upon the defendant bank with notice that all debts or credits owing by the bank to "J. E. Youtz, . . . E. B. Youtz, but belonging to Joshua E. Youtz, or either of them," were attached. The bank made answer to the writ stating the fact as to the name in which the deposit was held. E. B. Youtz thereupon drew her check against the bank for the full amount of the deposit which demand the bank refused to honor. She then brought this action to recover the money. The defendant bank appeared before answering, and by motion asked that the plaintiff in the attachment suit be substituted in its stead, upon the money being deposited in court. In the affidavit of its cashier the bank asserted that the plaintiff in the attachment suit claimed a lien upon the fund upon the ground that the money in fact was the property of Joshua E. Youtz, although deposited by his wife. Other facts showing the pendency of the attachment suit, and the issuance and service of the writ of attachment or garnishment, were set out in the affidavit. No counter-showing of facts appears to have been made, E. B. Youtz resting her opposition to the motion on the claim that the case furnished no sufficient ground to support an order substituting Williams as defendant. The court, upon the full amount of the credit being deposited in its charge, and the further sum of $17.87 interest, made an order substituting Williams in the place of the bank as defendant. It may be here remarked that no point is made that the sheriff should have been made substituted defendant where the attachment suit had not gone to judgment. The court would have the power, nevertheless, to require the sheriff to be brought in, and if it was required to so do we must assume that such action would be taken in the progress of the case. The appeal taken by E. B. Youtz is from the order made as described.

The proceeding taken by respondent was in strict accord with the provisions of section 386 of the Code of Civil Procedure. The design of that statute is to enable a party who has been sued upon a contract as to which he admits full lia-

bility as to the amount thereof to show that a third party not named in the action claims some right to the proceeds of the contract either by way of complete ownership or that he possesses a lien against the same; and so showing, to deposit the money due in court and have the third party made defendant in his stead, thus placing in positions of adversaries the real parties at interest. Appellants' counsel insist that the bank could not claim the benefit of section 386 of the Code of Civil Procedure, and secure a discharge from liability toward its depositor, unless a lien in fact was created against the credit in its hands by service of the garnishment process—that Joshua E. Youtz, the defendant in the attachment suit, must have been possessed of the right to maintain an action of *indebitatus assumpsit* against the bank on account of the deposit before any attachment lien could result. *Redondo Beach Co.* v. *California Loan and T. Co.*, 101 Cal. 322, [35 Pac. 896], is cited to this point. The principal conclusion announced in that case was that a mere equitable claim, or a credit not liquidated in the sense that it had become a demand of a fixed and certain amount, could not be reached by attachment process. *Hassie* v. *God Is With Us Congregation*, 35 Cal. 378, is to the same effect. It must be kept in mind that in the cases cited the questions arose between the attachment plaintiff and the garnishee. There is room for distinction, we apprehend, between a case where a person served with garnishment disclaims liability because the debt is unliquidated or is attended by equities held in his favor and a case like this one. Can it be that a debtor, being possessed of money, may place that money to the credit of another in a bank, and that when so placed the credit becomes immune to attachment process issued against all except the nominal depositor? Surely the law will not spend its effort in furnishing to debtors such an easy and reliable means whereby creditors may be defrauded. With notice as to the real ownership of a deposit, and claim made by a third person under attachment process, a banking institution would hardly be justified in honoring the check of the nominal depositor. Section 544 of the Code of Civil Procedure, provides that every person having under his control credits belonging to the defendant, when served with attachment process, becomes liable to the attachment plaintiff for the amount of the credit. In this case Williams claimed that the money

to the credit of E. B. Youtz belonged to Joshua E. Youtz, his debtor, and notified the bank of that claim and attached the credit. E. B. Youtz sued the bank for the money. If the money was Joshua E. Youtz' and the bank had full notice of this claim, it would, in our opinion, become liable to Williams in the event that it paid over the money to the wife and the fact was determined to be that Joshua E. Youtz owned the credit. It adopted the most convenient and reasonable course to free itself from liability for costs by asking that the real contending parties be compelled to try out the issue between them.

The final point made in the brief of appellants is that the provisions of section 386 of the Code of Civil Procedure, are in derogation of a party's right not to be deprived of property without due process of law. Using this case as an illustration it is said in argument that the order substituting Williams as defendant in the place of the bank left the plaintiff without recourse in the recovery of damages in the sum of five hundred dollars which she claimed against respondent. If it appeared that this result followed the action of the court, then a case would be presented where the making of the order for substitution would amount to an abuse of discretion. The court is vested with discretion as to the matter of granting such a motion as that here considered. But there is nothing in the statement of plaintiff's cause of action which shows that plaintiff was entitled to recover special damages in any amount, and plaintiff showed no facts in opposition to the motion, which would tend to establish her right to recover on the account last mentioned. The detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation with interest thereon. (Civ. Code, sec. 3302.) The court did require respondent to pay into court the full amount of the deposit with accrued interest to the date of the order.

We are of the opinion that the court was authorized to make the order complained of.

The order is affirmed.

Conrey, P. J., and Shaw, J., concurred.