[Civ. No. 6958. First Appellate District, Division Two.—August 2, 1929.]

H. C. ASHER, Respondent, v. J. D. MARTIN, Appellant. (Two Cases.)

Morgan J. Doyle, Walter M. Gleason and Norman J. Ronald for Appellant.

W. H. Stammer for Respondent.

NOURSE, J.—These two actions for services rendered were consolidated for trial before the court without a jury. Plaintiff had a single judgment against the defendant Martin in the sum of $1376.08, but was denied judgment against the Growers Association. The defendant Martin has appealed from the judgment upon typewritten transcripts.

The controversy arises out of the alleged employment of the plaintiff by the defendant Martin to assist him and also the Growers Association, of which he was an interested member, in a campaign in opposition to an announced ruling of the railroad carriers in California relating to the use of refrigerator cars in the transportation of grapes, commonly referred to as the "Grape Car Plan of 1926." The plaintiff is a traffic man engaged in the business of advising shippers with respect to their relations with transportation companies, representing them before the Interstate Commerce Commission, the Railroad Commission and other bodies having jurisdiction over transportation matters, and in the collection of claims and the routing of transportation cars. The defendant Martin is a large grower and shipper of fresh fruits in the territory adjacent to Fresno, who had frequently employed plaintiff on other traffic matters prior to the controversy over the grape car plan.

When this plan was promulgated by the carriers the defendant Martin became very much disturbed and approached the plaintiff, asking him to take charge of a campaign of opposition to the plan in his behalf. Numerous conferences were held between the parties and, at the instance of this defendant, the plaintiff engaged an attorney at law to prepare a complaint to be filed with the Interstate Commerce Commission and thereafter, also at defendant's request, plaintiff, with an assistant, circularized the growers of the locality for signatures in opposition to the plan. The plaintiff continued to advise and consult with

this defendant during all the period from the date of the first negotiations in August, 1926, to the hearing before the commission in March, 1927; he assisted in preparing the case for hearing and, at the request of this defendant, aided in the incorporation of the Growers Association for the purpose of supporting the defendant Martin in his campaign.

After a full hearing the trial court found that these services were reasonably worth the sum allowed in the judgment and this finding is not seriously attacked. The theory of the appellant is that he did not specifically request respondent to perform the services and that there was no intention between the parties that appellant should compensate the respondent, but that the respondent, in his capacity as a traffic man, was also interested in defeating the car plan and that his services were gratuitous. Upon this issue the case was fully tried and the trial court, upon conflicting evidence, found adversely to appellant. There is abundant evidence showing the original employment of respondent, the performance of the services as requested and directed by appellant from time to time, and the continued assurance of appellant that he intended to bear the burden of the expense. What little conflict appellant presents in this evidence lies in the inferences which he insists the trial court might have drawn from the evidence more favorable to his theory of the case. But, where the evidence supports the findings made, we do not disturb the judgments of trial courts merely because we might have reached a different view of the evidence or might have drawn different inferences from it. We can see no purpose in going through this evidence and pointing out wherein the answers of the various witnesses might be interpreted as implying one thing or the other. It is sufficient to say that from our review of the record there is sufficient evidence to support a finding favorable to the theory of either party and that, such being the case, the judgment should not be disturbed.

Upon the merits of the controversy the principles of law involved are simple. When one performs valuable services for another, at the latter's request, the law implies as matter of fact a promise by the latter to pay the reasonable value of the services. In such a case the burden of

proof is on the latter to show that the services were rendered gratuitously or without the obligation on his part to pay. ▇ It cannot be said as matter of law that this presumption of a promise to pay is dispelled by proof of the fact that the one who performed the services was personally interested in the outcome of the services or that he expected to receive benefits in the nature of further employment from others who were interested. (*Wojahn* v. *National Bank*, 144 Wis. 646 [129 N. W. 1068], a case involving a similar state of facts.) Here the testimony on the part of the appellant tended to show that the respondent had expressed his opposition to the car plan and the fear that it would injure his business as a traffic man; that he had also expressed the hope that if he was successful in defeating the plan he would obtain employment in the future from other shippers interested. Assuming all this to be true, it does not remove appellant's obligation to pay the reasonable value of the services which the trial court found had been performed for him and at his request. Respondent first billed the corporation for a portion of the account on the theory that it had been organized for the express purpose of aiding the appellant in raising funds for the campaign, and the respondent sued the corporation on the same theory. ▇ But a party is not precluded from asserting a claim because inconsistent with a previous claim which was not successfully maintained. (*Lackmann* v. *Kearney*, 142 Cal. 112, 115 [75 Pac. 668].)

▪ ▇ While frankly conceding that no one of the assigned errors may have injuriously affected appellant's efforts to fairly present his defense, appellant assigns a number of errors in the admission of testimony and in the exclusion of testimony proffered by him. Thus he complains of the admission of testimony relating to the respondent's office expenses, to the employment of an assistant to circularize the fruit shippers in support of appellant's campaign, to the preparation of the complaint filed before the commerce commission, and testimony of similar character, all of which was introduced for the purpose of showing what services had been performed by respondent in order to determine their reasonable value. The testimony appears to be admissible for this purpose, but the same facts were shown by other evidence to which no ob-

jection was made, and, hence, if error occurred, it was harmless. (2 Cal. Jur. 1020; *Schumann* v. *Karrer*, 184 Cal. 50, 59 [192 Pac. 849].)

The same rule controls the assignment of error relating to the exclusion of certain testimony offered by appellant. The facts were fully covered by other testimony which was admitted and appellant has suffered no prejudice. (2 Cal. Jur. 1022; *Schumann* v. *Karrer, supra; Miller & Lux* v. *Richardson*, 182 Cal. 115, 129 [187 Pac. 411].)

The judgment is affirmed.

Sturtevant, J., and Koford, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 30, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 30, 1929.

All the Justices present concurred.