[Civ. No. 7703. First Appellate District, Division Two.—February 3, 1931.]

W. H. HOUGHTON, Appellant, v. PACIFIC SOUTHWEST TRUST & SAVINGS BANK (a Corporation) et al., Respondents.

A. G. Alm for Appellant.

Neice & Packard for Respondents.

SPENCE, J.—Plaintiff brought this action against defendant bank to enforce an express trust and to obtain a judgment declaring the respective rights of plaintiff and the several defendants. The trial court sustained the demurrer of the defendant bank and defendant Gay Engineering Company to plaintiff's amended complaint without

leave to amend and from a judgment thereupon entered in favor of said defendants, plaintiff appeals.

Plaintiff is the assignee of one Raymond, the original sole beneficiary of the trust in question, while the defendant bank is the trustee. Defendant Gay Engineering Company is the purchaser at a sheriff's sale on execution in an action brought against Raymond in which sale the sheriff sold to said defendant corporation all right, title and beneficial interest of Raymond in said trust. The facts as alleged in the amended complaint so far as material on this appeal will be chronologically set forth. In March, 1922, Raymond, who was the owner of certain real property, conveyed said property to the defendant bank by deed absolute in form, but said conveyance was intended to be and was received in trust for the sole use and benefit of Raymond. On the same day the defendant bank executed a declaration of trust covering said property, which declaration was accepted and approved by Raymond. The declaration of trust provided for the subdivision and sale of said property by the defendant bank as trustee and the payment to Raymond of the net proceeds of such sales. In September, 1922, and before any of said property had been sold, an action was commenced by one Browne against Raymond and an attachment was levied upon all moneys, goods, credits, effects, debts due or owing or any other personal property belonging to Raymond in the possession or under the control of the defendant bank. In March, 1923, Raymond assigned to plaintiff for a valuable consideration all of his right, title and interest in and to said trust. In the case of *Browne* v. *Raymond,* above referred to, judgment was obtained against Raymond in March, 1924, for approximately $16,000 and a writ of execution was thereafter issued and levied upon all moneys, goods, credits, effects, debts due or owing or any other personal property belonging to Raymond in the possession of or under the control of the defendant bank. Subsequently the sheriff, after notice given, conducted a sale in which he offered to sell to the highest bidder all of the right, title and beneficial interest of Raymond in and to said trust. Defendant Gay Engineering Corporation bid $11,000, which was the highest bid received. This amount was paid and the sheriff executed and delivered to said defendant a certificate of sale. In April,

1927, the defendant bank repudiated and disclaimed all responsibility, obligation and liability to plaintiff under said trust.

From the above statement it appears that the attachment of Raymond's interest as beneficiary of the trust preceded Raymond's assignment of his interest to plaintiff. If his interest as such beneficiary was subject to attachment and subsequent sale on execution, it is conceded that the demurrer was properly sustained. Appellant contends, however, that Raymond's interest as beneficiary of the trust was neither subject to attachment nor sale upon execution. We are of the opinion that appellant's contention may not be sustained.

■ Under the law of this state the interest of Raymond as beneficiary of the trust in question was not an interest in the real property, but was personal property. The creation of the trust vested in the trustee the whole estate in the real property subject only to the execution of the trust (Civ. Code, sec. 863), and Raymond as beneficiary retained no interest in the land which was subject to attachment by levy upon the real property. (*Ward* v. *Waterman*, 85 Cal. 488, 508 [24 Pac. 930].) It has been said that the interest of the beneficiary consists of "merely a chose in action, an interest in a fund of money to be realized in the future by the sale of real property; by the making of the trust agreement he had converted any . . . interest in the real property which he possessed into a right only to receive money in lieu thereof, and this right was undoubtedly personal property". (*Marble Co.* v. *Merchants' Nat. Bank*, 15 Cal. App. 347, 351 [115 Pac. 59, 61], See, also, *Craven* v. *Dominguez Estate Co.*, 72 Cal. App. 713 [237 Pac. 821]; *Ward* v. *Waterman*, *supra;* Civ. Code, sec. 663; Code Civ. Proc., sec. 17, subd. 3.)

■ In our opinion the interest of Raymond as beneficiary of the trust must be treated as personal property not capable of manual delivery and the code sections are sufficiently broad and general in their terms to bring such interest within the category of property subject to attachment and sale on execution. Section 541 of the Code of Civil Procedure provides that "The rights or shares which the defendant may have in the stock of any corporation or company, together with the interest and profit thereon, and

all debts due such defendant, and *all other property* in this state of such defendant not exempt from execution, may be attached, and if judgment be recovered, be sold to satisfy the judgment and execution''. Section 688 of the Code of Civil Procedure reads in part: ''All goods, chattels, moneys, and *other property, both real and personal, or any interest therein,* of the judgment debtor, not exempt by law, and *all property and rights of property seized and held under attachment* in the action, are liable to execution. Shares and interests in any corporation or company, and debts and credits, and *all other property, both real and personal, or any interest in either real or personal property, and all other property not capable of manual delivery,* may be levied upon or released from levy in like manner as like property may be attached or released from attachment.'' Section 542, subdivision 6, relating to the attachment of personal property not capable of manual delivery provides: ''Debts and credits and *other personal property, not capable of manual delivery,* must be attached by leaving with the person owing such debts, or having in his possession, or under his control, such credits and *other personal property,* . . . a copy of the writ, and a notice that the debts owing by him to the defendant, or the credits and other personal property in his possession, or under his control, belonging to the defendant, are attached in pursuance of such writ.'' Section 691 of the Code of Civil Procedure relating to sale on execution provides: ''The sheriff must execute the writ against the property of the judgment debtor, by levying on a sufficient amount of property, if there be sufficient; *collecting or selling the things in action, and selling the other property,* . . . '' Section 699 of the Code of Civil Procedure reads: ''When the purchaser of *any personal property not capable of manual delivery* pays the purchase money, the officer making the sale must execute and deliver to the purchaser a certificate of sale. Such certificate conveys to the purchaser all the right which the debtor had in such property on the day the execution or attachment was levied.''

It is true that in the early stages of the law relating to attachment and execution many forms of valuable property rights by reason of their intangible nature could not be reached in this manner. The early conception of attach-

ment and execution seems to have contemplated the levy upon and seizure of tangible property and it was very generally held that choses in action, stock in corporations, the interest of a pledgor, equitable interests and other forms of what might be termed intangible property were not subject to levy. But with the development of the law, both statutory and otherwise, and the combining of courts of law and equity jurisdiction, it is now possible to reach on attachment and execution practically every type of property, tangible and intangible, belonging to the judgment debtor. (Code Civ. Proc., secs. 541, 542, 688, 699; 15 Cal. Jur. 1015 et seq.; *Fish* v. *Fowlie*, 58 Cal. 373; *Le Roy* v. *Dunkerly*, 54 Cal. 452; *Kennedy* v. *Nunan*, 52 Cal. 326; *Brown* v. *Campbell*, 100 Cal. 635 [38 Am. St. Rep. 314, 35 Pac. 433]; *Hoxie* v. *Bryant*, 131 Cal. 85 [63 Pac. 153]; *Dubois* v. *Spinks*, 114 Cal. 289 [46 Pac. 95]; *Treadwell* v. *Davis*, 34 Cal. 601, 607 [94 Am. Dec. 770]; *Edwards* v. *Beugnot*, 7 Cal. 162; *Farmers' Nat. Gold Bank* v. *Wilson*, 58 Cal. 600; *Lackmann* v. *Kearney*, 142 Cal. 112 [75 Pac. 668]; *Raymond* v. *Blancgrass*, 36 Mont. 449 [15 L. R. A. (N. S.) 976, 93 Pac. 648]; *State* v. *District Court*, 74 Mont. 355 [240 Pac. 667]; *Johnson* v. *Dahlquist*, 130 Wash. 29 [225 Pac. 817]; *Beswick* v. *Dorris*, 174 Fed. 502; *Gordon* v. *Hillman*, 107 Wash. 490 [182 Pac. 574].)

That the interest of the beneficiary might be reached by the garnishment process was indicated in *Ward* v. *Waterman, supra.* Under a similar trust, it was there held that the beneficiary's interest could not be reached ·by levy upon the real property, but the court said on page 508 of 85 Cal.: "According to the allegations of his complaint, the writ was levied, not by garnishment, but by direct levy, as upon real estate, upon all the interest of Waterman in the land. As we have already seen, Waterman had no interest in the land, legal, equitable, present or prospective." It further appears that a pledgor's interest can be reached by garnishment of the pledgee, but not by levy upon the property pledged. (*Dubois* v. *Spinks*, 114 Cal. 289 [46 Pac. 95]; *Treadwell* v. *Davis*, 34 Cal. 601 [94 Am. Dec. 770]; *Edwards* v. *Beugnot*, 7 Cal. 162; Jones on Pledges, sec. 376; *Warner* v. *Fourth Nat. Bank*, 115 N. Y. 251 [22 N. E. 172].) We see no reason why the

interest of a beneficiary of a trust may not be reached in a similar manner by garnishment of the trustee.

Appellant relies upon *Hassie* v. *God Is With Us Congregation*, 35 Cal. 378, and *Redondo Beach Co.* v. *Brewer*, 101 Cal. 322 [35 Pac. 896]. These cases are not in point and the language used in the opinions cannot be considered authoritative in the light of the numerous decisions above referred to. See, also, *Brainard* v. *Rogers*, 74 Cal. App. 247 [239 Pac. 1095]; *Philbrook* v. *Mercantile Trust Co.*, 84 Cal. App. 187 [257 Pac. 882]; *Youtz* v. *Farmers & Merchants' Nat. Bank*, 31 Cal. App. 370 [160 Pac. 855]; opinion of Supreme Court on denying hearing in *Aigeltinger* v. *Healy-Tibbitts Co.*, 23 Cal. App. 608, 611 [139 Pac. 436, 438].

As the interest of Raymond as beneficiary of the trust passed to defendant Gay Engineering Company by virtue of the attachment and sale on execution, it follows that the complaint of plaintiff as the subsequent assignee of Raymond failed to state a cause of action and the demurrer thereto was properly sustained. It therefore becomes unnecessary to consider the further points urged by respondents in support of the judgment.

Judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

'A petition for a rehearing of this cause was denied by the District Court of Appeal on March 5, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 2, 1931.

Richards, J., and Shenk, J., dissented.