[Civ. No. 4564. Third Appellate District.—June 13, 1932.]

B. H. KELSEY, as Administrator, etc., Appellant, v. SAN FERNANDO DEVELOPMENT COMPANY, INC. (a Corporation), et al., Respondents.

Halverson & Halverson for Appellant.

Jennings & Belcher for Respondents.

JAMISON, J., *pro tem.*—This is an action for specific performance of certain contracts for the sale of lots, which plaintiff alleges were sold to him by defendant, California Trust Company, and the full purchase price paid. These

lots were a part of Tract No. 9555 situated in Los Angeles County and were owned by defendant Chase.

On October 5, 1926, Chase, by a certain trust agreement, conveyed said tract to the California Trust Company, as trustee, authorizing it to subdivide said tract into lots and to cause same to be sold by the San Fernando Valley Development Company acting as its agent, subject to the terms of the trust agreement and the approval of the trustee. The San Fernando Valley Development Company, as such sales agent, entered into an agreement with F. E. Lynch and Willard J. Lewis to sell the said lots subject to the terms of the trust agreement and the approval of the trustee. Thereafter Lewis and Lynch, through their agent, including one Broadhead, negotiated sales to plaintiff of lots 34, 35, 45, 107 and 108 in said tract of which the sales of lots 34, 107 and 108 were approved by the trustee, the California Trust Company, and contracts were executed by said trustee for the sale of said lots 34, 107 and 108 to plaintiff. Said Lewis and Lynch also negotiated the sales of lots 35 and 45 in said tract to plaintiff, but no contracts for these two lots were executed by the trustee. Upon each of these lots a cash payment was made, the remainder of the purchase price to be paid in installments. This action was dismissed as to defendants Lynch and Broadhead.

Judgment was rendered in favor of defendants. Plaintiff's motion for a new trial having been denied, he prosecutes this appeal. It is the contention of appellant that he has paid the purchase price of the said lots in full, and that he is therefore entitled to receive from respondents deeds for same. He bases this contention upon the following facts: That he had an arrangement with Broadhead, who was a sales agent for Lewis and Lynch, to pay up in full for all of said lots, which was to be done by the assignment of 50 shares of stock of the Farmers and Merchants National Bank of Blythe, California, of the par value of $100 per share, the assignment of a note and mortgage of a third party for $2,000 and $70 in cash and that on the 21st of December, 1926, he met Broadhead and Lynch at their sales office and delivered to them the said stock and the said note and mortgage and paid them $70 in cash in full settlement of the purchase price of all the lots, and that the same was accepted by them in full settlement for same;

that they figured up the total purchase price of said sales, deducting therefrom five per cent for cash, as provided for in the contracts, and found that in addition to the cash already paid, the amount of the note and mortgage, and the par value of the bank stock, there was left a balance of $70 for which appellant gave them his check, which was afterward cashed. Appellant also produced in evidence two receipts signed "San Fernando Valley Development Company, Inc., by J. P. Broadhead", dated December 21, 1926, one of which acknowledged receipt of $1750 to be applied on the purchase price of lot 45, and the other acknowledged receipt of $1750 to be applied on the purchase price of lot 35, both receipts stating that they were subject to the approval of the owner.

Both Broadhead and Lynch, testifying on behalf of respondents, denied that the bank stock had been received as a payment on the purchase price of said lots, but, on the contrary, testified that appellant stated to them that this bank stock was selling around par, and that he would not take less than that amount for it; that they stated to him that they would take the stock and endeavor to dispose of it at par, that if they succeeded in doing so they would credit the amount thus received on the purchase price of the lots; if less than par was offered they would refer the matter back to him, and that if appellant did not desire to take less than par the stock would be returned to him; that appellant agreed to this arrangement, and upon this understanding they received the bank stock from him. The bank stock was not sold and was returned to appellant, who refused to receive it and sent it back to respondents.

The court found that respondents did not accept the bank stock as a payment on the amount owing by appellant for the purchase price of the lots. The evidence as to whether or not the bank stock was accepted as a payment is conflicting, but there is substantial evidence to support this finding of the trial court, and such being the case this court cannot disturb it. (2 Cal. Jur. 921, and cases cited.)

Appellant has devoted a large portion of his brief to a *résumé* of authorities bearing upon ratification by the principal of the unauthorized acts of the agent. Ratification is defined as being "The subsequent adoption or affirmance by one person of an act which another, without authority,

has previously assumed to do for him while purporting to act as his agent.'' (1 Mechem on Agency, p. 260.)

The basis of the doctrine of ratification is the doing of an authorized act by the purported agent. In the instant case the claim of appellant is that the agents of respondents accepted the bank stock as a payment on the purchase price of the lots, and that there was a subsequent ratification of this act by respondents, but the trial court found, upon sufficient evidence, that the agents did not accept the bank stock as a payment. Therefore, in this case the basic element of ratification is lacking and, consequently, ratification cannot be relied upon by appellant to sustain his action.

Section 3391 of the Civil Code provides that specific performance cannot be enforced against a party to a contract in any of the following cases: ''1. If he has not received an adequate consideration for the contract; 2. If it is not, as to him, just and reasonable.''

Mention is made in appellant's brief of the fact that after the commencement of this action, the California Trust Company conveyed by deed lot 45 to appellant. The record is silent as to why this was done. In fact, there is nothing in the record concerning this transaction. However, it appears that appellant is asking for specific performance of contracts calling for the payment to respondents of $8,400 upon which there exists an unpaid balance of more than $5,000. Under this condition of the transactions between the parties it cannot be held that respondents have received from appellant adequate consideration for the lots involved in this case. The finding of the trial court that the bank stock was not received and accepted by respondents or their purported agents as a payment on the purchase price of said lots, supported as it was by substantial evidence, is binding upon this court, and renders it powerless to set aside or ignore this finding even though it may feel that a different conclusion should have been reached by the trial court. (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]; *Barry* v. *Coughlin,* 90 Cal. 220 [27 Pac. 197]; *Asher* v. *Martin,* 100 Cal. App. 217 [279 Pac. 810].)

We are therefore of the opinion that the judgment must be and it is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.